UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RADIOLOGY PARTNERS MATRIX, PLLC

    Plaintiff,

- and –

KIERNAN MORROW,

    Defendant.

Case No.:

_____/

# COMPLAINT

Plaintiff, Radiology Partners Matrix, PLLC ("RP Matrix"), by and through its undersigned counsel, hereby sues Kiernan Morrow ("Morrow") and in support states as follows:

## NATURE OF ACTION

1. This is an action by RP Matrix to recover the sum of one hundred thirty-one thousand four hundred sixty-eight dollars ($131,468.00) in liquidated damages, tail insurance coverage reimbursement, the value of unreturned equipment, and repayment of Morrow's commencement bonus due to his early resignation from RP Matrix, along with accrued and accruing interest, costs of collection and reasonable attorneys' fees. Despite demand, Morrow has failed and refused to honor his obligations, thus necessitating this action.

## JURISDICTION

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §1332, as this action involves diversity. Specifically, the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Morrow's engagement of employment under the contract that gives rise to this action, occurred in this district.

## PARTIES

4. RP Matrix, at all relevant times material to this arbitration, was an Oklahoma professional limited liability company, headquartered in California, whose sole member is a citizen of California. Through its employed and contracted physicians, RP Matrix conducts a medical practice and provides professional radiology services to hospitals and other healthcare facilities. RP Matrix employed Morrow to provide radiology services remotely, via teleradiology, on a full-time basis.

5. Morrow was employed by RP Matrix as a physician. Morrow's physical work location was in Fernandina Beach, Florida, although he performed services exclusively on a remote basis.

## STATEMENT OF FACTS

6. On October 1, 2020, Morrow and RP Matrix signed the Physician Employment Agreement ("PEA"), setting forth the terms and conditions of Morrow's employment with RP Matrix. A copy of the PEA is attached as Exhibit 1 to this Complaint.

7. As stated in Exhibit A of the PEA, "if Physician terminates this Agreement pursuant to Section 12(c) after the Effective Date and on or before the first anniversary of the Commencement Date, Physician shall pay Practice $50,000 (the "Liquidated Damages Amount") within thirty (30) days of Physician's Termination Date…"

8. As established in Exhibit B of the PEA, if Morrow terminated his employment on or before the first anniversary of the Commencement Date, he would also be liable for 100% of the cost of the tail insurance premium associated with his employment. Exhibit B further established that the deadline for payment of the tail insurance premium to RP Matrix was thirty (30) days from his Termination Date.

9. As set forth in Section 5(b) of the PEA, RP Matrix provided Morrow with technological equipment that enabled him to perform medical services via teleradiology. Such equipment remained the property of RP Matrix, and Morrow was contractually obligated to return the equipment to RP Matrix within seven (7) days of his termination date.

10. On July 17, 2021, Morrow entered into Amendment No. 1 to Physician Employment Agreement ("PEA Amendment"), with an effective date of July 8, 2021. A copy of the PEA Amendment is attached as Exhibit 2.

11. Pursuant to the PEA Amendment, RP Matrix agreed to pay Morrow a Commencement Bonus in the amount of $100,000.00 in connection with his first payroll check/distribution after the Commencement Date, subject to Morrow's obligation to repay 100% of the Commencement Bonus to RP Matrix if he resigned his employment within two years of his Commencement Date. As further explained in the PEA Amendment, the repayment deadline was thirty (30) days from the date that notice of resignation was given.

12. Morrow's Commencement Date was July 26, 2021.

## BREACH OF THE REPAYMENT OBLIGATIONS

13. On September 3, 2021, Morrow gave RP Matrix his notice of resignation, effective September 8, 2021.

14. Given that Morrow resigned his employment less than one year after the Commencement Date, he was contractually obligated to pay RP Matrix: (a) the $50,000 Liquidated Damages Amount; (b) the tail insurance premium associated with his employment, which totaled $11,468.00; and (c) the $100,000 Commencement Bonus.

15. Morrow's deadline to pay the Liquidated Damages Amount and the tail insurance premium was October 8, 2021, while his deadline to repay the Commencement Bonus was October 3, 2021.

16. On September 29, 2021, RP Matrix sent Morrow a letter confirming his payment obligations, including the total amounts owed as well as the payment deadlines. See Exhibit 3. The letter further confirmed that RP Matrix withheld $30,000.00 from Morrow's final paycheck as authorized in the PEA Amendment, thereby lowering his total amount owed to $131,468.00.

17. Despite RP Matrix' demands for payment of the balance due, Morrow has failed to make any attempts repay the amount due to RP Matrix.

18. Additionally, Morrow has failed to return the teleradiology equipment to RP Matrix, in violation of Section 5(b) of the PEA, including but not limited to, two computer workstations, two nuance microphones, two non-diagnostic monitors, two diagnostic monitors, and one DPN4Quad KVM switch (collectively referred to as "teleradiology equipment").

19. The cost of the unreturned equipment is more than $13,000.00.

20. RP Matrix has brought this action to recover $131,468.00, as well as the cost of the unreturned teleradiology equipment, and RP Matrixs' reasonable attorneys' fees, as authorized by the PEA.

21. Pursuant to applicable law, Morrow's agreement to pay the demanded amount is valid and enforceable.

22. Morrow's failure to pay the amount demanded constitutes a breach of Morrow's contractual duties.

23. By Morrow's actions, Morrow has violated the terms of the PEA and PEA Amendment and RP Matrix has been harmed thereby.

24. RP Matrix has retained the undersigned counsel and agreed to pay it a fee in connection with this legal action.

## COUNT I
## Breach of Contract

25. The averments of paragraphs 1 through 24 are incorporated by reference herein with the same force and effect as if set forth in full.

26. On October 1, 2020, in exchange for RP Matrix' agreement to employ him, Morrow agreed to pay RP Matrix the $50,000 Liquidated Damages Amount and 100% of the cost of the tail insurance premium associated with his employment if he resigned his employment within one year of the Commencement Date.

27. On July 17, 2021, in exchange for RP Matrix' payment to him of a $100,000 Commencement Bonus, Morrow agreed to repay 100% of the Commencement Bonus if he resigned his employment within two years of the Commencement Date.

28. Morrow resigned his employment within one year of the Commencement Date and has defaulted on the above referenced payment obligations.

29. Additionally, Morrow was contractually obligated to return RP Matrix's teleradiology equipment to it within seven (7) days of his separation of employment, and he has defaulted on that obligation as well.

30. As a result of Morrow's actions, RP Matrix is thereby damaged by $131,468.00, the value of the unreturned teleradiology equipment, accruing interest, as well as costs and fees (including attorneys' fees) expended by RP Matrix in its endeavor to recover payment.

## COUNT II
### Unjust Enrichment

31. The averments of paragraphs 1 through 24 are incorporated by reference herein with the same force and effect as if set forth in full.

32. If Morrow is permitted to retain the monies received through the Commencement Bonus, as well as the unreturned teleradiology equipment, without repaying RP Matrix, and to have use of that money and equipment without paying interest on it, he will be unjustly enriched at RP Matrix's expense.

## COUNT III
## Conversion

33. The averments of paragraphs 1 through 24 are incorporated by reference herein with the same force and effect as if set forth in full.

34. Per Section 5(b) of the PEA, Morrow acknowledged that the teleradiology equipment was the property of RP Matrix and that he was obligated to return such property to RP Matrix within seven (7) days of his termination of employment.

35. Morrow failed to return the teleradiology equipment to RP Matrix within seven (7) days of his termination of employment.

36. After more than seven (7) days had elapsed since the termination of Morrow's employment, RP Matrix demanded that Morrow return the teleradiology equipment, and Morrow refused to comply with such demand.

37. By refusing to comply with RP Matrix's demand that he return its teleradiology equipment, Morrow took an overt action inconsistent with RP Matrix's possessory rights over the equipment.

38. As a result of Morrow's actions, RP Matrix is thereby damaged by the value of the unreturned teleradiology equipment, and accruing interest.

## DEMAND FOR DAMAGES

**WHEREFORE,** RP Matrix seeks the following:

a. That process issue and that this Court take jurisdiction over the case;

b. Payment of Liquidated Damages Amount of $50,000.00;

c. Repayment of Tail Insurance Premium of $11,468.00;

d. Repayment of Commencement Bonus of $70,000.00;

e. Payment for the replacement value of the unreturned teleradiology equipment;

f. RP Matrix's reasonable attorneys' fees and costs in litigating this matter; and

g. Such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 8th Day of January 2024, by

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
200 West Forsyth St., Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356.8900
Facsimile: (904) 356.8200

By: /s/ Colin A. Thakkar
Colin A. Thakkar
Florida Bar No. 0010242
cthakkar@constangy.com

*Attorney for Plaintiff*