**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**RADIOLOGY PARTNERS MATRIX, PLLC**

   **Plaintiff,**

-   **and –**                                    **Case No.: 3:24-cv-26**

**KIERNAN MORROW,**

   **Defendant.**

_____/

<u>**MOTION FOR DEFAULT JUDGMENT AGAINST**</u>
<u>**DEFENDANT KIERNAN MORROW**</u>

   Plaintiff, Radiology Partners Matrix, PLLC ("Plaintiff" or "RP Matrix"), by
and through its undersigned counsel and pursuant to Rule 55 of the Federal Rules
of Civil Procedure, hereby files this Motion for Default Judgment against
Defendant Kiernan Morrow ("Defendant" or "Morrow"). In support thereof,
Plaintiff states as follows:

   Plaintiff, at all relevant times material to this lawsuit, was an Oklahoma
professional limited liability company, headquartered in California, whose sole
member is a citizen of the State of California. <u>See</u> Dkt. 6 at ¶4. Through its
employed and contracted physicians, Plaintiff conducts a medical practice and
provides professional radiology services to hospitals and other healthcare
facilities. <u>Id</u>. RP Matrix employed Morrow to provide radiology services remotely,
via teleradiology, on a full-time basis. <u>Id</u>.

Morrow was employed by RP Matrix as a physician. Id. at ¶5. Morrow is a citizen of Florida, and his physical work location was in Fernandina Beach, Florida, although he performed services exclusively on a remote basis. Id. at ¶¶5 and 6.

On October 1, 2020, Morrow and RP Matrix signed the Physician Employment Agreement ("PEA"), setting forth the terms and conditions of Morrow's employment with RP Matrix. Id. at ¶7, Exh. 1. As stated in Exhibit A of the PEA, "if Physician terminates this Agreement pursuant to Section 12(c) after the Effective Date and on or before the first anniversary of the Commencement Date, Physician shall pay Practice $50,000 (the "Liquidated Damages Amount") within thirty (30) days of Physician's Termination Date…" Id. at ¶8, Exh. 1(A).

Exhibit B of the PEA further established that if Morrow terminated his employment on or before the first anniversary of the Commencement Date, he would also be liable for 100% of the cost of the tail insurance premium associated with his employment. Id. at ¶9, Exh. 1(B). Exhibit B went on to state that the deadline for payment of the tail insurance premium to RP Matrix was thirty (30) days from his Termination Date. Id.

As set forth in Section 5(b) of the PEA, RP Matrix provided Morrow with technological equipment that enabled him to perform medical services via teleradiology. Id. at ¶10. Such equipment remained the property of RP Matrix, and

2

Morrow was contractually obligated to return the equipment to RP Matrix within seven (7) days of his termination date. Id.

Section 25 of the PEA further provided that "[t]he prevailing party with respect to any controversy or claim arising out of or in connection with this Agreement shall be entitled to recover reasonable attorneys' fees and costs incurred in connection with such claim or controversy." Id. at ¶21, Exh. 1.

On July 17, 2021, Morrow entered into Amendment No. 1 to Physician Employment Agreement ("PEA Amendment"), with an effective date of July 8, 2021. Id. at ¶11, Exh. 2. Pursuant to the PEA Amendment, RP Matrix agreed to pay Morrow a Commencement Bonus in the amount of $100,000.00 in connection with his first payroll check/distribution after the Commencement Date, subject to Morrow's obligation to repay 100% of the Commencement Bonus to RP Matrix if he resigned his employment within two years of his Commencement Date. Id. at ¶12. As further explained in the PEA Amendment, the repayment deadline was thirty (30) days from the date that notice of resignation was given. Id.

Morrow's Commencement Date was July 26, 2021. Id. at ¶13. Just over one month later, on September 3, 2021, Morrow gave RP Matrix his notice of resignation, effective September 8, 2021. Id. at ¶14.

Given that Morrow resigned his employment less than one year after the Commencement Date, he was contractually obligated to pay RP Matrix: (a) the

3

$50,000 Liquidated Damages Amount; and (b) the tail insurance premium associated with his employment, which totaled $11,468.00. Id. at ¶15. Because Morrow's resignation occurred less than two years after the Commencement Date, he was also contractually obligated to make full repayment of the $100,000 Commencement Bonus. Id. at ¶15. Morrow's deadline to pay the Liquidated Damages Amount and the tail insurance premium was October 8, 2021, while his deadline to repay the Commencement Bonus was October 3, 2021. Id. at ¶16.

On September 29, 2021, RP Matrix sent Morrow a letter confirming his payment obligations, including the total amounts owed as well as the payment deadlines. Id. at ¶17, Exh. 3. The letter further confirmed that RP Matrix withheld $30,000.00 from Morrow's final paycheck as authorized in the PEA Amendment, thereby lowering his total amount owed to $131,468.00. Id. Despite RP Matrix' demands for payment of the balance due, Morrow violated his contractual obligations to make the required payments by October 3, 2021 and October 8, 2021, and has failed to make any subsequent attempts to repay the amount due to RP Matrix. Id. at ¶18.

Additionally, Morrow has failed to return the teleradiology equipment to RP Matrix, in violation of Section 5(b) of the PEA, including but not limited to, two computer workstations, two nuance microphones, two non-diagnostic monitors, two diagnostic monitors, and one DPN4Quad KVM switch (collectively referred

4

to as "teleradiology equipment"). <u>Id.</u> at ¶19. The cost of the unreturned equipment is at least $13,000.00. <u>Id.</u> at ¶20.

Plaintiff filed the Complaint in this matter on January 8, 2024. Dkt. at 1. On January 26, 2024, prior to serving Morrow with the summons and Complaint, Plaintiff filed the Amended Complaint. Dkt. at 6.

A summons for Morrow was issued on February 6, 2024. Dkt. At 9. Morrow was personally served in Florida with the summons and pleadings on March 18, 2024, and he was required to file an answer or otherwise respond by April 8, 2024. Dkt. at 10. Morrow failed to meet that deadline, and, to this date, has made no attempt to involve himself in this litigation.

On May 21, 2024, Plaintiff filed its Request for Entry of Default Against Defendant, and on May 22, 2024, the Court issued its Entry of Default against Defendant. CM/ECF Nos. 15 and 16.

<u>**MEMORANDUM OF LAW**</u>

I.    <u>**Introduction**</u>

This Court has noted that "[t]he effect of an entry of default is that all of the factual allegations in the complaint are taken as true except for the amount of unspecified damages." *Rigby v. Direct General Ins. Co.*, 2023 WL 3479135, *1 (M.D.Fla. May 16, 2023) (*citing Bowman v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Prior to entering default judgment, the Court "must ensure that the well-

pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer,* 218 F.App'x 860, 863 (11th Cir. 2007). Additionally, "the Court must ensure that it has jurisdiction over the parties." *Rigby*, 2023 WL at *1 (*citing Swartz v. Fontana,* 2016 WL 4272213, at *1 (M.D.Fla. Aug. 15, 2016)).

## II.    This Court Has Personal Jurisdiction Over The Parties

In the instant case, this Court has personal jurisdiction over this matter. In order to confirm whether a court has personal jurisdiction over a matter, it must assess the validity of service of process. *360 exterior Sols., LLC v. 360 Bld. Sols., LLC*, 2022 WL 218563 at *4 (M.D.Fla. Jan. 25, 2022).

Pursuant to Fla. Stat. §48.031(1)(a), "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." In the instant case, the process server handed the summons and Amended Complaint directly to Defendant at one of his registered Florida properties. As such, service of process was properly effectuated.

6

### III.     There is a Substantive, Sufficient Basis in the Pleadings for the Relief Sought

Having established the existence of personal jurisdiction, this Court must next determine whether "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and [whether] there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer,* 218 F.App'x 860, 863 (11th Cir. 2007). In the instant case, the well-pleaded allegations in the Amended Complaint state a substantive cause of action for breach of contract, and they provide a substantive, sufficient basis for the particular relief sought.

Under Florida law, a cause of action for breach of contract requires proof of: a valid contract, (2) a material breach, and (3) damages. *Beck Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (*citing Abruzzo v. Haller*, 603 So.2d 1338, 1340 (Fla. 1st DCA 1992). Further, to demonstrate a material breach, the plaintiff must show that "an injured party has sustained a substantial injury due to the breach." *Bland v. Freightliner LLC*, 206 F.Supp.2d 1202, 1210 (M.D.Fla. 2002).

In the instant case, the Amended Complaint demonstrates the existence of a contract for employment, with a fully valid amendment, signed by Plaintiff as well as Defendant. Dkt. 6 at ¶¶ 7 and 11. Furthermore, the Amended Complaint establishes that Plaintiff breached the contract when he resigned his employment

within one year of commencement and failed to refund Defendant the Liquidated Damages Amount, the tail insurance premium associated with his employment, and the Commencement Bonus. The well-pleaded allegations further demonstrate that Plaintiff also breached the PEA by failing to return Plaintiff's technological teleradiology equipment.

The pleadings confirm that Defendant's breaches of contract were material, in that they resulted in damages of a precise amount: $144,468.00 ($50,000 in liquidated damages, $11,468.00 in tail insurance premiums, $100,000 commencement bonus, and $13,000 in unreturned teleradiology equipment). As such, the well-pleaded allegations effectively establish a successful cause of action for breach of contract, with a precise amount of damages.

Finally, the PEA additionally provides entitlement to reasonable attorneys' fees for the prevailing party in litigation arising out of the contracts. As such, should the Court grant this Motion for Default Judgment, Plaintiff requests that the Court permit Plaintiff to submit an affidavit establishing the amount and reasonableness of attorneys' fees expended in pursuit of this action against Defendant.

11400900v1

## SUMMARY

In summary, based on the well-pleaded allegations set forth in Plaintiff's Amended Complaint, Plaintiff is entitled to a default judgment finding Defendant liable for breach of contract. The pleadings further establish that the damages arising out of Plaintiff's breach of contract amount to $144,468.00. As such, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Default Judgment, and permit Plaintiff to submit an affidavit establishing its reasonable attorneys' fees incurred in pursuit of this action.

Respectfully submitted this 5th Day of July 2024, by

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
200 West Forsyth St., Suite 1700
Jacksonville, Florida 32202
Telephone:   (904) 356.8900
Facsimile:    (904) 356.8200

By: /s/ Colin A. Thakkar
Colin A. Thakkar – Lead Counsel
Florida Bar No. 0010242
cthakkar@constangy.com

*Attorney for Plaintiff*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of July 2024, a copy of the foregoing Motion for Default Judgment Against Defendant Kiernan Morrow was delivered via first class mail, postage prepaid, to:


Kiernan Morrow
1573 Pennsylvania Avenue, Unit 10N
Miami Beach, FL 33219


By: /s/ Colin A. Thakkar
        Attorney

10

11400900v1