UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RADIOLOGY PARTNERS MATRIX,
PLLC,

      Plaintiff,

v.                                                   CASE NO. 3:24-cv-26-WWB-SJH

KIERNAN MORROW,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment Against Defendant Kiernan Morrow ("Motion"). Doc. 18. For the reasons stated herein, I respectfully **recommend** that the Motion be **granted in part and denied without prejudice in part**.

    **I.**    **Background**

Plaintiff, invoking diversity jurisdiction under 28 U.S.C. § 1332, sued Defendant, alleging claims for breach of contract, unjust enrichment, and conversion. Doc. 1. The Complaint was dismissed without prejudice for failure to properly allege Defendant's citizenship. Doc. 5. On January 26, 2024, Plaintiff filed its Amended Complaint, the operative pleading, asserting the same claims with further jurisdictional allegations. Docs. 6-7. After Defendant was served but failed to plead or defend, Plaintiff moved for a clerk's default against Defendant, Doc. 14, which was

entered on May 22, 2024, Doc. 16.

On July 5, 2024, Plaintiff filed its Motion. On July 23, 2024, I entered an order taking the Motion under advisement pending Plaintiff's compliance with the requirements of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901 *et seq*. Doc. 20. On August 9, 2024, Plaintiff filed Plaintiff's Notice of Filing Affidavit in Support of Motion for Default Judgment ("Affidavit"). Doc. 21. I held a status hearing on August 23, 2024, directing Plaintiff to further supplement its Motion by September 6, 2023. Docs. 23-24. Plaintiff complied, filing Plaintiff's Notice of Filing Supplemental Affidavits in Support of Motion for Default Judgment ("Supplemental Affidavits") on September 6, 2023. Doc. 25.

## II.   Standard

Before the Court enters a default judgment in a case, a number of requirements must be met. A plaintiff must show, by affidavit or otherwise, a defendant's failure to plead or otherwise defend a lawsuit, and a default must have been entered. Fed. R. Civ. P. 55(a). After entry of the default, the plaintiff must apply to the Court for a default judgment, except in limited circumstances when application may be made to the clerk. Fed. R. Civ. P. 55(b).

Before entering default judgment, the Court must ensure it has jurisdiction over the claims and the parties, and that the well-pled factual allegations of the complaint adequately state a viable claim for relief. *See Johnston v. Mitchell & Lynn Judgement Recovery Sols., LLC*, No. 8:23-cv-38-CEH-AEP, 2023 WL 7411338, at *2-3 (M.D. Fla. Oct. 17, 2023), *report and recommendation adopted*, 2023 WL 8004432 (M.D. Fla. Nov.

17, 2023); *Thomas v. Arm WNY, LLC*, No. 3:14-cv-360-J-39MCR, 2014 WL 6871654, at *2-3 (M.D. Fla. Dec. 3, 2014). Thus, "[e]ntry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Akin to a "reverse motion to dismiss for failure to state a claim[,]" a court evaluating a motion for default judgment must consider whether a pleading could survive a motion to dismiss. *Id.*

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010). Thus, although "'a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit

3

conclusions of law.'" *Surtain*, 789 F.3d at 1245 (citation omitted).

In addition, when a plaintiff seeks the entry of a default judgment against an individual defendant, the plaintiff must (i) (absent representation by a guardian, conservator, or other like fiduciary who has appeared) show that such defendant is neither a minor nor an incompetent person, *see* Fed. R. Civ. P. 55(b)(1); and (ii) comply with the Servicemembers Civil Relief Act ("SCRA"). *See Benson v. DeSantis*, No. 8:22-cv-1955-WFJ-MRM, 2022 WL 18927026, at *4 (M.D. Fla. Dec. 12, 2022); *SJ Medconnect, Inc. v. Boice*, No. 3:20-cv-903-MMH-JBT, 2022 WL 3136793, at *1-2 (M.D. Fla. Mar. 11, 2022). Finally, "[i]f the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is also entitled to the relief requested." *Johnston*, 2023 WL 7411338, at *2

### III.   Analysis

Upon review of the Amended Complaint, the Motion, and other relevant filings, the undersigned recommends that a default judgment be entered against Defendant.

#### a.   Jurisdiction and Procedural Requirements

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff is a citizen of California, Defendant is a citizen of Florida, and the amount in controversy exceeds $75,000. *See* Doc. 6 at ¶¶ 2, 4-6; *see also* Doc. 13 at 2. Personal jurisdiction over Defendant, a Florida citizen and licensed physician formerly employed by Plaintiff in Florida, and served in Florida, is also proper. *See United States*

*v. Chase*, No. 3:20-cv-1084-BJD-JRK, 2021 WL 3508092, at *5 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 8201484 (M.D. Fla. Aug. 30, 2021); *Shropshire v. Towing & Auto Repair Mgmt. Corp*, No. 8:20-cv-1931-TPB-CPT, 2021 WL 2904907, at *3 (M.D. Fla. Apr. 23, 2021), *report and recommendation adopted*, 2021 WL 2895741 (M.D. Fla. July 9, 2021). Additionally, a clerk's default has been entered against Plaintiff, Doc. 16, who was personally and properly served with the summons, Amended Complaint, Notice of Filing Exhibits to Amended Complaint, and Exhibits, Fed. R. Civ. P. 4(e)(2)(A); Doc. 10. Furthermore, Plaintiff has sufficiently shown that Defendant is not a minor or incompetent person and is not in military service. *See* Doc. 25-1, 25-2; *see also* Doc. 21-1.

      **b.**     **Valid Claim for Relief**

The Amended Complaint also adequately states a claim for which the relief requested by Plaintiff may be granted. Though the Amended Complaint alleges breach of contract, conversion, and unjust enrichment, Plaintiff seeks default judgment on only the breach of contract claim. *See* Doc. 18 at 7-8.[1] As the breach of contract claim alone is sufficient, Plaintiff seeks relief on that claim alone, and relief on some or all of the remaining claims in the Amended Compliant could not be granted once the breach of contract is established, the claims for unjust enrichment and conversion are due to be dismissed as moot. *See Shandong Airlines Co., Ltd. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1207-08 (M.D. Fla. 2009).

---

[1] At the August 23, 2023, status conference, counsel for Plaintiff further confirmed on the record that Plaintiff seeks default on only its breach of contract claim.

A claim for breach of contract has three elements, "the existence of a contract, a material breach, and resulting damages." *Baron v. Osman*, 39 So. 3d 449, 451 (Fla. 5th DCA 2010). Here, Plaintiff has adequately alleged, and Defendant by his default admitted, the existence of a contract, namely that the parties entered into the Physician Employment Agreement ("PEA"), and Amendment No. 1 to the PEA ("PEA Amendment"). Doc. 6 at ¶¶ 7, 11; *see also* Docs. 7-1, 7-2. Additionally, Plaintiff has adequately alleged, and Defendant admitted, that Defendant materially breached the PEA, as amended. Doc. 6 at ¶¶ 8-10, 12-16, 18-19, 23-24, 27-30. Specifically, Plaintiff alleges that Defendant, who had agreed to a two-year initial term of employment, Doc. 7-1 at 17, resigned less than one year after the date his employment commenced ("Commencement Date"), Doc. 6 at ¶¶ 13-15, 29. Pursuant to the PEA and the PEA Amendment, Defendant agreed, upon such a resignation within one year of the Commencement Date, to pay (i) $50,000 in liquidated damages, Doc. 7-1 at 17; (ii) 100% of the cost of a tail insurance premium, Doc. 7-1 at 22, which cost $11,468, Doc. 6 at ¶ 15; (iii) and 100% of a $100,000 commencement bonus he had received, Doc. 7-2 at 2-3. Additionally, Defendant was required to return Plaintiff's equipment within seven days of the termination date of the PEA. Doc. 7-1 at § (5)(b). Plaintiff has alleged that Defendant breached the PEA and the PEA Amendment by not returning the equipment or paying the amounts owed as a result of his early resignation within one year of the Commencement Date for liquidated damages, the tail insurance premium, and the commencement bonus. Doc. 6 at ¶¶ 15-19, 23-24, 29-30. Finally, Plaintiff has adequately alleged, and Defendant admitted, that these breaches resulted in damages.

Doc. 6 at ¶¶ 17, 21, 24, 31. Plaintiff has therefore sufficiently alleged a claim for breach of contract against Defendant.

### c. Damages

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "Damages may be awarded without an evidentiary hearing if the amount is a liquidated sum or capable of calculation." *Nilaj v. MGO Labs, LLC*, No. 8:23-cv-2671-WFJ-NHA, 2024 WL 3426884, at *2, 6 (M.D. Fla. July 15, 2024) (citing Fed. R. Civ. P. 55(b)(1) and *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005)). In the Motion, Plaintiff seeks damages of $144,468.00, consisting of: $50,000 in liquidated damages, $11,468 in tail insurance premiums, $70,000 commencement bonus ($100,000 bonus minus $30,000 that was withheld from Defendant's final paycheck as authorized by the PEA, Doc. 7-2 at 3), and $13,000 in unreturned equipment. *See* Doc. 18 at 8-9. As discussed above, Defendant was required by contract to pay the liquidated damages, to pay the cost of the tail insurance premium, and to repay the commencement bonus upon Defendant's resignation within one year of the Commencement Date. Doc. 7-1 at 17; Doc. 7-2 at 2-3. Additionally, Defendant was required to return Plaintiff's equipment. Doc. 7-1 at § (5)(b). Each of the amounts is set forth specifically in the PEA and PEA Amendment, except for the value of the unreturned equipment and the cost of the tail insurance premiums, which were alleged in the Amended Complaint and admitted by Defendant's default. *See* Doc. 6 at ¶¶ 15, 20; Doc. 7-1 at 17, 23-24, Doc. 7-2 at 2-3; *see also* Doc. 25-2 at 3-4. Thus, the damages requested are appropriate under the contract,

7

do not require an evidentiary hearing, and do not exceed or differ in kind from what was requested in the Amended Complaint. *See Nilaj*, 2024 WL 3426884, at *2, 6; Fed. R. Civ. P. 54(c); Doc. 6 at 4, 7. I recommend they be awarded.

### d. Attorney's Fees

Finally, Plaintiff also requests in the Motion that the Court permit it to submit an affidavit establishing the amount and reasonableness of attorney's fees. Doc. 18 at 8. I recommend this request be denied without prejudice. Under Local Rule 7.01(a), a party seeking an award of attorney's fees generally "must obtain an order determining entitlement before providing a supplemental motion on amount." To that end, Local Rule 7.01(b) provides that "[w]ithin fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion that" must (i) specify "the judgment and the statute, rule, or other ground entitling the movant to the award"; (ii) state "the amount sought or provide[] a fair estimate of the amount sought"; and (iii) include a supporting memorandum of law.

Thus, leave to file an affidavit establishing the amount and reasonableness of attorney's fees is premature—no judgment has been entered or entitlement to fees awarded thereon. *See* Local Rule 7.01. Nor can the request in Plaintiff's Motion be deemed to comply with the requirements of a motion for entitlement under Local Rule 7.01(b), as it does not contain, for example, a calculation or fair estimate of the amount sought. I thus recommend that Plaintiff's request concerning attorney's fees be denied without prejudice, and that Plaintiff be permitted to move for attorney's fees, if it so chooses, in accordance with Local Rule 7.01.

If this recommendation is adopted and Plaintiff timely moves to seek attorney's fees, the requisite memorandum of law should also better articulate the basis for fee entitlement than Plaintiff's Motion. Plaintiff seeks attorney's fees pursuant to Section 25 of the PEA. Doc. 18 at 3. That Section provides:

> **Arbitration.** Any controversy or claim arising out of or relating to this Agreement or Physician's employment with Practice, whether based on contract, tort, statute, employment discrimination / harassment / retaliation, or otherwise, shall be settled by arbitration, in Manhattan Beach, California in accordance with the then-applicable Rules of the American Health Lawyers Association Alternative Dispute Resolution Service, and any judgment upon the award may be entered in any court having jurisdiction. The prevailing Party with respect to any controversy or claim arising out of or in connection with this Agreement shall be entitled to recover reasonable attorneys' fees and costs in incurred in connection with such claim or controversy. Notwithstanding the foregoing, Practice may, at its discretion, file any action, request, or petition for injunctive relief in court.

Doc. 7-1 at 14. Plaintiff appears to have waived arbitration by filing this action in court and pursuing it to default judgment. *See Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 2:22-cv-77-JES-KCD, 2022 WL 3025937, at *2, n.2 (M.D. Fla. Aug. 1, 2022) (explaining party waives right to arbitrate by acting inconsistently with that right under the totality of the circumstances), *aff'd*, No. 22-12575, 2023 WL 1818920 (11th Cir. Feb. 8, 2023). So, if Plaintiff seeks prevailing-party fees under Section 25, it must properly explain in an appropriate memorandum of law, among any other requirements for fee entitlement: (i) whether it waived any such right from Section 25 of the PEA; and (ii) assuming it did not, whether the contract provides for prevailing-party fees in a court, rather than an arbitration, action. The merits of these inquiries need not be addressed at this time but can await briefing in a proper motion, if one is

9

filed, under Local Rule 7.01.

### IV. Conclusion

Accordingly, it is respectfully **recommended** that:

1. The Motion (Doc. 18) be **granted in part and denied without prejudice in part**.

2. The Clerk of Court be **directed** to enter judgment in favor of Plaintiff, Radiology Partner Matrix, PLLC, and against Defendant, Kiernan Morrow, for breach of contract, in the amount of $144,468.00.

3. Plaintiff's claims for conversion and unjust enrichment be **dismissed as moot**.

4. Plaintiff be permitted to file any motion for entitlement to attorney's fees, if it so choses, within fourteen days after entry of judgment, in accordance with Local Rule 7.01.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine

de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

    **DONE AND ENTERED** in Jacksonville, Florida, on September 23, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Wendy W. Berger, United States District Judge

Counsel of Record